FRED PENDEXTER *vs.* JOHN H. SIMONDS.

Cumberland.          Opinion, January 29, 1936.

*Reginald H. Harris,*
*Wilfred A. Hay,* for plaintiff.
*Cook, Hutchinson, Pierce & Connell,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.   An employee, as to whom his employer, a subcontractor, did not have industrial accident insurance, received injury. The workman brought this action against the principal contractor, alleging, in essence, as here pertinent, breach of contractual duty to provide a policy of insurance affording him (plaintiff) money relief and benefits, according to the scale established by the Workmen's Compensation Act. R. S., Chap. 55, Sec. 2, *et seq.*

Plea was the general issue; brief statement thereunder specially denied liability to procure such insurance. Issue was joined.

The trial court, sitting without a jury, found, on the whole case,

for the plaintiff; awarded damages; and rendered judgment accordingly. To the finding, exception was noted.

The contract, breach of a provision of which was averred, was a simple one, evidenced by writing. It had been entered into, under date of November 22, 1933, between the United States of America, on the one part, and John H. Simonds, trading as John H. Simonds Co., on the other, for the erection of a large shed at the Lighthouse Depot in South Portland, Maine.

Thomas H. Skinner Co., Inc., was the subcontractor. While at work for that concern, plaintiff fell from a staging, and broke an arm and leg. On the trial, causal connection between employment and accident was not in dispute.

These paragraphs, in the contract with the United States, are to be considered:

"Art. 21. COMPENSATION INSURANCE.—The contractor will furnish compensation insurance for employees on this work and comply with the workmen's compensation laws of the State, Territory or district in which the work is to be performed, and will give proof of such adequate insurance satisfactory to the contracting officer."

"Art. 26. SUBCONTRACTORS.—(a) The contractor shall cause appropriate provisions to be inserted in all sub-contracts relating to this work to insure the fulfillment of all provisions of this contract affecting such subcontractors, particularly articles 7 (b), (c) and (d), 11, 18-24."

Plaintiff declared on Article 21, relying on it as inclusive of himself; he alleged violation of the promise therein contained, to his resultant loss.

Upon opening this case, plaintiff offered the contract; objection that he was not a party to it was overruled; the document was admitted into the evidence. Exception taken does not, as the case turns, call for consideration.

The decisive exception, that to the court's finding, raises whether Article 21 was made, or intended to be made, to inure to plaintiff as third party beneficiary.

In determining the legal meaning of a written contract, its

stipulations, limitations, or restrictions should be read together, and construed as a whole.

Article 21 of the contract, interpreted with Article 26 of the same instrument, was intended to, and did, relate to employees of the principal contractor, exclusively.

Article 26 pertains to subcontractors' employees; this article, by reference to the earlier one, ("18-24"), declares in effect that every subcontract shall expressly require the subcontractor to provide compensation insurance coverage for his own employees.

Plaintiff, as has been seen, declared on Article 21, his interpretive premise being accrued right to avail himself thereof. His evidence did not correspond with nor support his declaration. He could not recover, since the proof, which lay with him, did not tend to substantiate a cause of action, either stated or attempted to be stated, in any count. *Kidder v. Flagg*, 28 Me., 477, 480; *Swanton v. Lynch*, 58 Me., 294, 298.

*Exception sustained.*